IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00411-LTB
(Removal from District Court, Fremont County, Colorado,
Case No. 2011-cr-0018)

LAWRENCE M. JIRON,

    Petitioner,

v.

STATE OF COLORADO,
JUDGE DAVID M. THORSON,
DIST. ATTORNEY THOM K. Le DOUX, and
D.A. MICHAEL L. PERRAGLIA,

    Defendants.

ORDER FOR SUMMARY REMAND

Lawrence M. Jiron, Petitioner, has filed **pro se** a Notice of Removal stating that he is removing to this Court criminal case number 2011-cr-0018 from the District Court of Fremont County, Colorado. The Court must construe the Notice of Removal liberally because Mr. Jiron is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court assumes that Mr. Jiron actually is the Defendant in the state court criminal case he seeks to remove even though he names himself as the Petitioner in the caption of the Notice of Removal and he lists the State of Colorado, a state court judge, and two state prosecutors as Defendants. For the reasons stated below, the case will be remanded summarily to the state court.

Title 28 U.S.C. § 1446(a) provides that a notice of removal must include "a short and plain statement of the grounds for removal."  Mr. Jiron alleges in the Notice of Removal that there is no chance he will receive a fair trial, that the state court judge refuses to take judicial notice of state statutes, and that the state court judge has refused to issue subpoenas, which means he has no witnesses to call in his defense.  Mr. Jiron also asserts that he is removing this criminal case to federal court pursuant to § 1446(a).  However, § 1446 provides only the procedures for the removal of civil actions and criminal prosecutions; § 1446 does not specify what civil actions and criminal prosecutions may be removed.

Even construing the Notice of Removal liberally, the Court is unable to ascertain any legitimate basis for removal of this action under the relevant statutes.  Sections 1442 and 1443, 28 U.S.C., both authorize the removal of certain criminal prosecutions, but Mr. Jiron makes no allegations relevant to § 1442, which applies to actions against federal officers or agencies.  Although § 1443 authorizes the removal to federal court of certain civil rights cases, the Court finds that the instant action may not be removed pursuant to § 1443.

The two requirements for removal under § 1443(1) are narrow and well-defined.  **See Davis v. Glanton**, 107 F.3d 1044, 1045 (3d Cir. 1997).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  **Johnson v. Mississippi**, 421 U.S. 213, 219 (1975) (quoting **Georgia v. Rachel**, 384 U.S. 780, 792 (1966)).  "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not

protecting against racial discrimination' is insufficient for removal." **Colorado v. Lopez**, 919 F.2d 131, 132 (10th Cir. 1990) (quoting **Johnson**, 421 U.S. at 219). Mr. Jiron does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" **Johnson**, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

**City of Greenwood, Miss., v. Peacock**, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. **See generally** 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. Jiron does not provide the Court with specific factual allegations regarding his inability to enforce his constitutional rights in the state court criminal prosecution. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." **City of Greenwood**, 384 U.S. at 824. Mr. Jiron does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that Case No. 11-cr-0018 is remanded summarily to the Fremont County District Court. It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the Fremont County District Court.

DATED at Denver, Colorado, this  18th  day of   October  , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court